

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DR. CHARLES E. WILLIS, II; IVAN MOORHEAD; JOHN PLAIN; DR. RANEE GUMM, INDIVIDUALLY AND AS TRUSTEE OF ELIZABETH ASHLEY GUMM LIVING TRUST AND WILLIAM WILLEY GUMM LIVING TRUST; DR. WILLIAM GUMM, INDIVIDUALLY AND AS TRUSTEE OF ELIZABETH ASHLEY GUMM LIVING TRUST AND WILLIAM WILLEY GUMM LIVING TRUST; BREW PARTNERS, L.P.; KEN GROSSNER; GEORGE AND SHARON TILLOTSON; AND GORDON AND JEANETTE MARTIN, | § § § § § § § § § | No. 08-11-00207-CV Appeal from the 431st District Court of Denton County, Texas (TC# 2008-30297-211) |
| Appellants, | § | |
| v. | § | |
| PETER G. MARSHALL; PETER MARSHALL & COMPANY, P.C., AND SUMMERS MARSHALL & COMPANY, P.C., | § § | |
| Appellees. | § | |

# **O P I N I O N**

Appellants, Dr. Charles E. Willis, II, Ivan Moorhead, John Plain, Dr. Ranee Gumm,

individually and as Trustee of Elizabeth Ashley Gumm Living Trust and William Willey Gumm

Living Trust, Dr. William Gumm, individually and as Trustee of Elizabeth Ashley Gumm Living

Trust and William Willey Gumm Living Trust, BREW Partners, L.P., Ken Grossner, George and

Sharon Tillotson, and Gordon and Jeanette Martin, (Appellants) appeal the trial court's summary judgment in favor of Appellees, Peter G. Marshall, Peter Marshall & Company, P.C., and Summers Marshall & Company, P.C., ("Marshall").[1]  We affirm.

## BACKGROUND

### *Factual Background*

In 1999, Danny Tuinei formed Imaging Specialists Group, Ltd. (ISG), a limited partnership.  Imaging Specialists, Inc. (ISI) was the general partner of ISG, and Tuinei was a 50 percent owner and served as President of ISI.  As a limited partner, ISG owned 99 percent of Diagnostic Imaging Specialists, Ltd. (DIS).  ISG and DIS thus shared common ownership.  However the ownership of ISG and DIS was not common to Tuinei's ownership interests in several other entities, which included Plano Oncology Center, Ltd. (POC), Plano Professional Building, Ltd. (PPB) and 3T Medical Imaging Management, Inc. (3T).

In a letter dated February 10, 2004, Tuinei requested and obtained permission from John R. Albers and Russ Melbye to make partnership financial information available to "a potential investor" who was possibly interested in acquiring the respective partnership interests of the Albers Family Partnership and Melbye & Associates, Inc. in ISG and DIS.  Tuinei sought permission to disclose this information so that he could pursue "these investors" and in turn acquire the Albers and Melbye partnership interests.  The potential investor or investors are not identified within the correspondence.

It is undisputed that in October 2004, Tuinei hired Marshall to perform accounting services for ISG and DIS.  In November 2004, the Albers Family Partnership filed suit against Tuinei and ISI for breach of contract, breach of fiduciary duty, exemplary damages, injunctive relief and for

---

[1]  Appellants nonsuited defendant Joan K. Summers as to all claims and she is not a party to this appeal.

an accounting of the partnership alleging in part that Tuinei, as managing partner, had failed to prepare an annual report detailing ISG's financial information and had diverted ISG's funds for personal use.[2] In December 2004, at Tuinei's request and for Tuinei's use, Marshall prepared reports of various financial scenarios involving the financing and buyout of the then-existing limited partnership interests in ISG and DIS. Marshall thereafter prepared two types of Combined Financial Statements and Accountant's Compilation Reports (statement and compilation reports) for periods ending December 31, 2002, December 31, 2003,[3] and October 31, 2004, utilizing both accelerated and straightline depreciation.[4] Each page of the combined financial statement bore the note, "See Accountant's Compilation Report." Each of the statements and compilation reports was accompanied by a disclaimer letter addressed from Marshall "To the Partners" of ISG and DIS.

In March 2005, Appellants executed agreements to become new limited partners in ISG and DIS. After Appellants became limited partners, Marshall continued providing accounting services for ISG and DIS.

Marshall prepared statements and compilation reports for the periods ending March 31 2005, December 31, 2005, and March 2006.[5] These statements and compilation reports also included Marshall's disclaimer letter "To the Partners." The December 2005 and March 2006 documents differed from the prior statements and reports because they included a current-asset

---

[2] The Albers Family Partnership also alleged that Tuinei had taken salary in excess of that authorized by ISG's limited partners, had diverted ISG's funds for personal use, and had transferred approximately $17,000 from ISG's bank account to his own personal bank account without documentation or approval. It further alleged that ISI, with Tuinei serving as ISI's managing partner, failed to keep adequate records of the business purpose of various expenditures, allowed some of ISG's books and records to be removed from its principal office, and allowed Tuinei to withdraw large sums of money even while ISG was not paying equipment leases and other business obligations of the partnership.

[3] The statements and reports ending December 31, 2002, and December 31, 2003, were prepared January 14, 2005.

[4] The statements and reports ending October 31, 2004, were prepared January 10, 2005.

[5] Compilation reports for March 2006 are not present in the record.

line item denominated, "A/R-Other," rather than "Due from Partners." Each page of the combined financial statements for these periods again advised the reader to see the accountant's compilation report. The accountant's compilation reports for December 2005 included balance sheets containing a breakdown of the accounts receivable, which included Tuinei's entities, POC, PPB, and 3T.

*Procedural Background*

Appellants sued Marshall alleging negligence, negligent misrepresentation, fraudulent inducement and conspiracy, exemplary damages, violations of the Texas Securities Act, statutory fraud under the Texas Business and Commerce Code, and seeking attorneys' fees and other relief. Appellees filed a hybrid motion seeking a no-evidence summary judgment as to each cause of action and a traditional summary judgment on Appellants' negligence, negligent misrepresentation, fraudulent inducement, statutory fraud, and Texas Security Act causes of action. Finding no evidence to support Appellant's claims of "fraudulent inducement/statutory fraud" and Texas Security Act claims, the trial court granted Appellees' no-evidence summary judgment motion. Finding no genuine issue of material fact, the trial court also granted Appellees' motion for traditional summary judgment. On appeal, Appellants complain the trial court erred in granting summary judgment because probative evidence raised genuine issues of material fact on "issues of law."

**STANDING**

Appellee challenges Appellants' standing to bring suit. A plaintiff must have standing to bring a lawsuit. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005); *City of Arlington v. Centerfolds, Inc.*, 232 S.W.3d 238, 244 (Tex. App. – Fort Worth 2007, pet. denied).

4

Standing is a component of a court's subject-matter jurisdiction and can be raised for the first time on appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993); *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 248 (Tex. App. – Dallas 2005, no pet.). The plaintiff has the burden of alleging facts that affirmatively demonstrate a court's jurisdiction to hear a cause. *Tex. Ass'n of Bus.,* 852 S.W.2d at 446; *Nauslar*, 170 S.W.3d at 248. When considering jurisdictional issues for the first time on appeal, we construe the petition in favor of the party, and if necessary, we determine whether any evidence supports standing by reviewing the entire record. *Tex. Ass'n of Bus ,* 852 S.W.2d at 446. Without standing, a court lacks subject matter jurisdiction to hear the case. *Lovato*, 171 S.W.3d at 849; *Tex. Ass'n of Bus.*, 852 S.W.2d at 443; *City of Arlington*, 232 S.W.3d at 244.

The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a justiciable interest in its outcome. *Lovato*, 171 S.W.3d at 848; *City of Arlington*, 232 S.W.3d at 244. Standing, therefore, focuses on who may bring an action, and is concerned with whether the claimant has a particularized injury distinct from that suffered by the general public. *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001) (who may bring an action); *Bland ISD v. Blue*, 34 S.W.3d 547, 555-56 (Tex. 2000); *City of Arlington*, 232 S.W.3d at 244 (particularized injury). Standing requires that there be a real controversy between the parties that will actually be determined by the judicial declaration sought. *Lovato*, 171 S.W.3d at 849*; City of Arlington*, 232 S.W.3d at 244. This means that litigants must be "properly situated to be entitled to [a] judicial determination." *Lovato*, 171 S.W.3d at 849, *quoting* 13 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND EDWARD H. COOPER, WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2d § 3531, at 338–39 (2d ed.1984).

5

A person who is personally aggrieved by the alleged wrong has standing to sue. *Nootsie Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex. 1996). A person has standing if (1) he has sustained, or is immediately in danger of sustaining, some direct injury as a result of the wrongful act of which he complains; (2) he has a direct relationship between the alleged injury and claim sought to be adjudicated; (3) he has a personal stake in the controversy; (4) the challenged action has caused the plaintiff some injury in fact, either economic, recreational, environmental, or otherwise; or (5) he is an appropriate party to assert the public's interest in the matter, as well as his own. *Nauslar*, 170 S.W.3d at 249.

A plaintiff has no standing to litigate without a breach of a legal right belonging to the plaintiff. *Nobles v. Marcus,* 533 S.W.2d 923, 927 (Tex. 1976) ("Without breach of a legal right belonging to the plaintiff no cause of action can accrue to his benefit."); *Nauslar*, 170 S.W.3d at 249; *Cadle Co. v. Lobingier,* 50 S.W.3d 662, 669–70 (Tex. App. – Fort Worth 2001, pet. denied); *Brunson v. Woolsey,* 63 S.W.3d 583, 587 (Tex. App. – Fort Worth 2001, no pet.). Only the person whose primary legal right has been breached may seek redress for an injury. *Nobles,* 533 S.W.2d at 927. An individual stakeholder in a legal entity does not have a right to recover personally for harms done to the legal entity. *Wingate v. Hajdik,* 795 S.W.2d 717, 719 (Tex. 1990); *Nauslar*, 170 S.W.3d at 250, *citing Cates v. Int'l Tel. & Tel. Corp.,* 756 F.2d 1161 (5th Cir. 1985) (a partner has no individual, separate cause of action for losses suffered by reason of tortious interference with a contract between the partnership and a third party: damages for loss in value of the partnership interest or employment losses are subsumed in the partnership's causes of action).

*Application*

The primary legal right to pursue a personal cause of action against Marshall for harms

done to ISG belongs not to its limited partners but to ISG. *Wingate,* 795 S.W.2d at 719; *Nobles,* 533 S.W.2d at 927; *Nauslar*, 170 S.W.3d at 249; *Cadle Co.,* 50 S.W.3d at 669–70; *Brunson,* 63 S.W.3d at 587. Thus, upon becoming limited partners of ISG in March 2005, Appellants were without standing to recover personally for any harms Marshall may have committed upon Appellants or ISG. *See Nauslar*, 170 S.W.3d at 250. Because Appellants have no standing as limited partners to pursue relief against Marshall for breach of any legal right belonging to ISG, no subject-matter jurisdiction exists to consider Appellants' personal causes of action based upon their partnership interests for harms allegedly accruing to them or to ISG. *See Nauslar*, 170 S.W.3d at 250-51; *Tex. Ass'n of Bus.,* 852 S.W.2d at 446.

## DISCUSSION

It is undisputed that Appellants were not limited partners of ISG before March 2005. We therefore consider the trial court's grant of summary judgment regarding Appellants' pre-investment claims.

Appellants assert the trial court erred in granting summary judgment in favor of Appellees because Appellants presented probative evidence raising genuine issues of material fact regarding Appellees' alleged: (1) negligence; (2) omissions and negligent misrepresentations; (3) fraudulent inducement and engagement in a common plan, device, scheme, or artifice to deceive Appellants into purchasing and retaining partnership interests; (4) willful, intentional, and reckless violations and aiding and abetting of Texas Securities Act violations; and (5) acts constituting statutory fraud in violation of Texas Business and Commerce Code Section 27.01 TEX. BUS. & COM. CODE ANN. § 27.01 (West 2009).

7

*Standard of Review*

We review a trial court's summary judgment *de novo*. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Our review is limited to consideration of the evidence presented to the trial court. *Mathis v. Restoration Builders, Inc.*, 231 S.W.3d 47, 52 (Tex. App. – Houston [14th Dist.] 2007, no pet.). When a summary judgment does not state or specify the grounds upon which it relies, we may affirm the judgment if any of the grounds presented in the summary judgment motion are meritorious. *Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Prize Energy Resources, L.P. v. Cliff Hoskins, Inc.*, 345 S.W.3d 537, 556 (Tex. App. – San Antonio 2011, no pet.).

Hybrid Summary Judgment Motion

When a party files a hybrid summary judgment motion on both no-evidence and traditional grounds, we first review the trial court's judgment under the no-evidence standard of review. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *All American Telephone, Inc. v. USLD Communications, Inc.*, 291 S.W.3d 518, 526 (Tex. App. – Fort Worth 2009, pet. denied); *East Hill Marine, Inc. v. Rinker Boat Co.*, 229 S.W.3d 813, 816 (Tex. App. – Fort Worth 2007, pet. denied). If the non-movant failed to produce more than a scintilla of evidence under the standards of Rule 166a(i), then there is no need to analyze whether the movant's summary judgment proof satisfied the less stringent burden set forth for traditional summary judgment under Rule 166a(c). TEX. R. CIV. P. 166a(c) & (d); *East Hill Marine, Inc.*, 229 S.W.3d at 816. "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Jelinek*

8

*v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010), *quoting Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

No-Evidence Summary Judgment Motion

A no-evidence motion for summary judgment under Rule 166a(i) is essentially a motion for a pretrial directed verdict.   TEX. R. CIV. P. 166a(i); *Timpte Industries, Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009).   After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, seek summary judgment on the ground that there is no evidence to support one or more essential elements of the non-movant's claim or defense.   TEX. R. CIV. P. 166a(i);   *All American Telephone, Inc.*, 291 S.W.3d at 526.   The motion must specifically state the elements for which there is no evidence.   TEX. R. CIV. P. 166a(i); *Timpte Industries, Inc.*, 286 S.W.3d at 310; *All American Telephone, Inc.*, 291 S.W.3d at 526.   The Supreme Court has explained that Texas Rule of Civil Procedure 166a(i) does not permit conclusory or general no-evidence challenges.   *Timpte Industries, Inc.*, 286 S.W.3d at 310.   This requirement serves the purposes of providing adequate information to the opposing party by which it may oppose the motion and defining the issues to be considered for summary judgment.   *Id.* at 311, *quoting Westchester Fire Ins. Co v. Alvarez*, 576 S.W.2d 771, 772 (Tex. 1978).   The trial court is required to grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.   TEX. R. CIV. P. 166a(i).

In conducting our no-evidence summary judgment review, we will review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not.   *Timpte Industries,*

9

*Inc.*, 286 S.W.3d at 310, *quoting Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). When a nonmovant presents more than a scintilla of probative evidence that raises a genuine issue of material fact, a no-evidence summary judgment is improper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

Traditional Summary Judgment Motion

The party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). To determine if the non-movant raises a fact issue, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). A moving party who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat. Bank v. Fernandez*, 315 S.W.3d 494, 508-09 (Tex. 2010). Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. TEX. R. CIV. P. 166a(c).

*Analysis*

Negligent Misrepresentation

The trial court granted Marshall traditional summary judgment on Appellants' negligent-misrepresentation claim. The theory of negligent misrepresentation allows plaintiffs who are not parties to a contract for professional services to recover from the contracting professionals. *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787,

10

792 (Tex. 1999). Accountants are among those professionals against whom a negligent-misrepresentation cause of action can be brought. *Grant Thornton LLP v. Prospect High Income Fund, ML CBO IV*, 314 S.W.3d 913, 919 (Tex. 2010) (citing *McCamish,* 991 S.W.2d at 791).

The elements of a negligent-misrepresentation cause of action consist of: (1) defendant's representation to a plaintiff in the course of defendant's business or in a transaction in which the defendant had an interest; (2) defendant's providing false information for the guidance of others; (3) defendant's failure to exercise reasonable care or competence in obtaining or communicating information; (4) plaintiff's justifiable reliance on defendant's representation; and (5) defendant's negligent misrepresentation proximately causing the plaintiff's injury. *Miller v. LandAmerica Lawyers Title of El Paso*, 362 S.W.3d 842, 845 (Tex. App. – El Paso 2012, no pet.). These elements arise from the American Law Institute's 1977 Restatement (Second) of Torts Section 552, "Information Negligently Supplied for the Guidance of Others," which Texas has embraced for more than twenty years, and those cases interpreting the provisions of Section 552. *Grant Thornton LLP*, 314 S.W.3d at 919, *citing* RESTATEMENT (SECOND) OF TORTS § 552. Section 552 of the Restatement (Second) of Torts provides that:

> [o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information . . . . [T]he liability stated . . . is limited to loss suffered
>
> > (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and

11

> (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

*Id.*

A cause of action under Section 552 is available only when information is transferred by a professional to a known party for a known purpose. *Grant Thornton LLP*, 314 S.W.3d at 920; *McCamish,* 991 S.W.2d at 794. The Texas Supreme Court has declared that a known party is one within the limited class of potential claimants "'for whose benefit and guidance [the professional] intends to supply the information or knows that the recipient intends to supply it.'" *Grant Thornton LLP*, 314 S.W.3d at 920, *citing McCamish,* 991 S.W.2d at 794 (quoting RESTATEMENT (SECOND) OF TORTS § 552). Under this formulation, liability is limited to circumstances in which the professional providing the information is both aware of the non-client and intends that the non-client rely on the information. *Id.* A defendant cannot be liable for negligent misrepresentation unless a plaintiff is within this scope of liability. *Id*.

In its motion, Marshall asserted that summary judgment should be granted on Appellants' negligent misrepresentation and fraudulent inducement causes of action because Appellants' reliance upon the financial documents Marshall prepared was not justifiable. We agree.

In fraud and negligent-misrepresentation causes of action, a plaintiff must show actual reliance and that plaintiff's reliance is justifiable.[6] *Id*. at 923 (citing *Ernst & Young v. Pacific Mutual Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). When determining whether the justifiable-reliance element of negligent misrepresentation has been met, we consider the nature of the relationship between the professional, his client, and the non-client. *McCamish,* 991 S.W.2d at 794. The professional must invite the non-client's reliance. *Id*.

---

[6] The Supreme Court has noted that a lack of justifiable reliance in a fraud claim necessarily bars a negligent misrepresentation claim. *Grant Thornton LLP*, 314 S.W.3d at 923, n.15.

Each of the statements and compilation reports Marshall prepared and directed "To the Partners" was accompanied by a disclaimer letter that warned the user:

> We have compiled the accompanying combined balance sheet of Imaging Specialists Group, Ltd. (a limited partnership) and Diagnostic Imaging Specialists, Ltd. (a limited partnership) as of [specified date], and the related combined statements of income and changes in partners' equity for the [specified period] then ended, in accordance with Statements on Standards for Accounting and Review Services issued by the American Institute of Certified Public Accountants.
>
> A compilation is limited to presenting in the form of financial statements information that is the representation of management. We have not audited or reviewed the accompanying combined financial statements and, accordingly, do not express an opinion or any other form of assurance on them.
>
> Management has elected to omit substantially all of the disclosures and the statement of cash flows required by generally accepted accounting principles. If the omitted disclosures and statement of cash flows were included in the financial statements, they might influence the user's conclusions about the Company's financial position, results of operations, and cash flows. Accordingly, these financial statements are not designed for those who are not informed about such matters.
>
> We are not independent with respect to Imaging Specialists Group, Ltd nor Diagnostic Imaging Specialist, Ltd.
>
> Summers, Marshall & Company, P.C.

The Supreme Court has recognized that where there are "red flags" indicating that reliance upon a representation is unwarranted, a person may not justifiably rely thereon. *Grant Thornton LLP*, 314 S.W.3d at 923 (quoting *Lewis v. Bank of Am. NA*, 343 F.3d 540, 546 (5th Cir. 2003)). Marshall's disclaimer letters surpass the "red flag" analogy and directly warn the user that the financial reports were not prepared in accordance with generally-accepted accounting principles, that information is missing from those reports, and that the inclusion of the missing information might influence the user's conclusions about the financial position and cash flows of ISG and DIS. Moreover, the disclaimer letters are addressed to the partners of ISG and DIS.

13

We conclude that the disclaimer letters show that Marshall did not invite the Appellants' reliance upon the statements and compilation reports. *See McCamish,* 991 S.W.2d at 794. To the contrary, Marshall warned that if the omitted items were included, they might influence the user's conclusions. For this reason, we also conclude that Appellants have failed to show that their reliance upon Marshall's financial reports was justifiable. *Grant Thornton LLP*, 314 S.W.3d at 923.

Because no less than one element of negligent misrepresentation has been conclusively negated, the trial court did not err in granting summary judgment. *Frost Nat. Bank*, 315 S.W.3d at 509. Appellants' issue challenging the trial court's summary judgment on their negligent-misrepresentation cause of action is overruled. *See Grant Thornton LLP*, 314 S.W.3d at 923; *Dow Chemical Co.*, 46 S.W.3d at 242.

Negligence

A cause of action for negligence has three elements: (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998). The threshold question, of course, is the existence of a duty. *Id*. The existence of duty is a question of law. *Joseph E. Seagram & Sons, Inc. v. McGuire*, 814 S.W.2d 385, 387 (Tex. 1991). If no duty exists, our inquiry into whether negligence liability may be imposed ends. *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998).

Marshall's motion for summary judgment asserts that a finding that Marshall owed a duty to Appellants in the context of their simple negligence claim is untenable because the Supreme Court has declined to find that a professional owes a duty to unknown third persons in the context of a negligent-misrepresentation claim. *See Grant Thornton LLP*, 314 S.W.3d at 920. To hold

14

otherwise, Marshall argues, would be inconsistent with the Supreme Court's holding in *Grant Thornton* that a negligent-misrepresentation action may be pursued against a professional when the professional transfers information and is both aware of the non-client and intends that the non-client rely upon that information. *Grant Thornton LLP*, 314 S.W.3d at 920, *citing McCamish,* 991 S.W.2d at 794 (quoting RESTATEMENT (SECOND) OF TORTS § 552); *see also Scottish Heritable Trust, PLC. v. Peat Marwick Main & Co.*, 81 F.3d 606, 613 (5th Cir. 1996) (interpreting Texas law and determining that the objective of Section 552 of the Restatement (Second) of Torts is to restrict accountants' liability to a prescribed group and not permit recovery for all foreseeable users of an accountant's audit report). Marshall also asserts that Appellants have not shown and cannot show that each defendant owed a legal duty to each plaintiff, a breach by each defendant of any duty, or that such breach caused injury to each plaintiff.

The entirety of Appellants' response to these arguments consists of a complaint that Marshall failed to specify the deficient elements of Appellants' negligence claim, a global assertion that Appellants produced probative evidence raising a genuine issue of material fact as to each negligence element, and a contention that Appellants' evidence establishes that the Marshall defendants "failed to uphold their duty to ISG and its partners to provide competent accounting services to the Partnership from the beginning of their professional relationship in 2004."

A contract for professional accounting services "gives rise to a duty by the professional [to his client] to exercise the degree of care, skill, and competence that reasonably competent members of the profession would exercise under similar circumstances." *Averitt v. PriceWaterhouseCoopers L.L.P.*, 89 S.W.3d 330, 334 (Tex. App. – Fort Worth 2002, no pet.) (citing *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 n.1 (Tex. 1991) and

15

*Greenstein, Logan & Co. v. Burgess Mktg., Inc.*, 744 S.W.2d 170, 185 (Tex. App. – Waco 1987, writ denied) (certified public accountants owe such duty to their clients). We agree that Appellants have failed to identify and show the existence of a legal duty owed by Marshall to Appellants as non-client pre-investors in support of their negligence cause of action. Both in their response to the summary judgment motion and in their briefs on appeal, Appellants have failed to direct the trial court and this Court to any authority imposing a duty of an accountant to a pre-investor non-client third party under the facts before us, and we have found none. *See Joseph E. Seagram & Sons, Inc.*, 814 S.W.2d at 387; *Praesel*, 967 S.W.2d at 394. Because the element of duty has been conclusively negated, the trial court did not err in granting summary judgment on Appellants' negligence cause of action. *Frost Nat. Bank*, 315 S.W.3d at 509. Appellants' issue challenging the trial court's summary judgment on their negligence cause of action is overruled.

Fraudulent Inducement and Statutory Fraud

Under the heading "Fraudulent Inducement and Statutory Fraud," Appellants contend the trial court erred when it granted Marshall's no-evidence summary judgment motion on Appellants' fraudulent-inducement cause of action. Appellants have failed to present any argument or citation to authority challenging the trial court's summary judgment on their statutory-fraud cause of action. Thus, we find Appellants' have waived their statutory-fraud issue on appeal and restrict our analysis to Appellants' fraudulent-inducement issue. TEX. R. APP. P. 38.1(i); *see Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App. – El Paso 2007, no pet.).

In both its summary judgment motion and on appeal, Marshall argues that Appellants cannot show the elements for fraudulent inducement because the requisite element that Marshall made a representation with intent to induce each Appellant to rely upon it was negated in the trial

16

court. We agree that the summary judgment evidence fails to show that Marshall made a representation with the intent to induce Appellants to rely upon or act upon it.

Fraudulent inducement is a species of fraud that requires the plaintiff and defendant to have entered into an enforceable contract. *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 273 (5th Cir. 2012), *citing Formosa Plastics Corp. USA v. Presidio Eng. & Contractors*, 960 S.W.2d 41, 49 (Tex. 1998). To prevail on a fraud claim, a plaintiff must prove that: (1) the defendant made a material misrepresentation; (2) the defendant knew the representation was false or made the representation recklessly without any knowledge of its truth; (3) the defendant made the representation with the intent that the other party would act on that representation or intended to induce the party's reliance on the representation; and (4) the plaintiff suffered an injury by actively and justifiably relying on that representation. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 217 (Tex. 2011).

Because of its intent-to-deceive element, fraud is more difficult to prove than negligent misrepresentation. *Richter, S.A. v. Bank of America Nat. Trust and Savings Ass'n*, 939 F.2d 1176, 1185 (5th Cir. 1991). The intent-to-deceive element of a fraud cause of action "imports a significantly greater degree of purposeful conduct than does the 'foreseeability' element of a negligence action," and "[t]he mere fact that it *should be* known that another will rely upon a misrepresentation does not, of itself, establish that the misrepresentation was made with the *intent* to induce reliance." *Blue Bell, Inc. v. Peat, Marwick, Mitchell & Co.*, 715 SW.2d 408, 415 (Tex. App. – Dallas 1986, writ ref'd n.r.e.) (emphasis in original). Instead, a defendant accused of fraud "must have information that would lead a reasonable man to conclude that there is an especial likelihood that it will reach those persons and will influence their conduct." *Ernst & Young,*

17

*L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 581 (Tex. 2001).

The trial court had before it evidence that Marshall had prepared financial scenarios in December 2004 for use by Tuinei. Those scenarios included possible private investor financing, investor-group financing of a buyout, investor-group equity purchase, and suggestions for making investment more enticing such as offering higher payout distributions. However, there is no evidence which supports a finding that, in its preparation of the financial documents, Marshall intended to induce Appellants' reliance thereon or had reason to expect that there was an "especial likelihood" that the information in those financial documents would reach Appellants or influence their conduct. Rather, the financial documents upon which Appellants have based their fraudulent-inducement cause of action were in all cases accompanied by a disclaimer letter demonstrating that the documents were directed to the attention of the then-existing partners of ISG and DIS. Appellants' issue challenging the trial court's summary judgment on their fraudulent-inducement cause of action is overruled.

Conspiracy

The trial court granted Marshall's traditional motion for summary judgment on Appellants' conspiracy cause of action. On appeal, Appellants assert that the trial court found that they had successfully raised evidence of Marshall's participation in a conspiracy and argue that "it is nonsensical" that the trial court granted summary judgment as a matter of law. To be clear, the trial court's summary judgment did not grant a no-evidence summary judgment on Appellants' conspiracy cause of action. Rather, the trial court found that there was no genuine issue of material fact and that the Marshall defendants were entitled to summary judgment as a matter of law.

18

In its summary judgment motion, Marshall asserted that Appellants could not show any of the elements of a conspiracy cause of action, which include: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages proximately resulting therefrom. *See Chon Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). To be actionable, a civil-conspiracy cause of action requires specific intent to agree to accomplish an unlawful purpose or a lawful purpose by unlawful means. *ERI Consulting Engineers, Inc. v. Swinnea*, 318 S.W.3d 867, 881 (Tex. 2010); *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996) (merely proving joint intent to engage in the conduct that resulted in the injury is insufficient to sustain a civil-conspiracy cause of action). A meeting of the minds exists when there is an agreement among conspirators and each conspirator has the specific intent to commit the act. *Juhl*, 936 S.W.2d at 644 (citations omitted).

On appeal, Marshall specifically complains that Appellants have failed to allege or show evidence that Marshall conspired to accomplish an object through an unlawful purpose or a lawful purpose by unlawful means. Marshall also asserts that multiple facts demonstrate Marshall had no meeting of the minds with Tuinei regarding Tuinei's use of ISG's funds. Marshall's assertions are supported by evidence including: (1) the emails in which a Marshall employee questioned Tuinei's transactions and requested that Tuinei identify why funds were being transferred out of an ISG account; (2) Peter Marshall's deposition testimony that he had multiple conversations with Tuinei in which he informed Tuinei that he should not be using ISG funds for third-party entities; and (3) Marshall's written correspondence to Robert Petty of ISG detailing what Marshall considered to be Tuinei's questionable transactions, which primarily included Tuinei's failure to provide backup documentation in support of his transactions and Tuinei's coding instructions,

19

which Marshall identified as suspicious.

The summary judgment evidence also includes the report of Appellants' expert, Mr. Bryan Rice, C.P.A., who opined that Peter Marshall had limited knowledge of his client as evidenced by Marshall's inability to correctly recite the ownership attributes of DIS or to recall ever receiving ISG and DIS governance documents as well as Marshall's ignorance of the fact that the outgoing ISG partners had sued Tuinei. While Mr. Rice was critical of Marshall's accounting practices and failure to act affirmatively on its suspicions and questions regarding Tuinei's transactions involving funds, Mr. Rice merely concluded that it was difficult to reconcile Marshall's concerns with its inaction in keeping ISG's limited partners informed of Tuinei's activities. Although Mr. Rice disapproved of Marshall's presentation of the information contained in the financial reports and coding of transactions, he does not assert that Marshall provided false financial information. We again note that each report was accompanied by disclaimer letters addressed to the partners who were warned that the reports were prepared as directed by management, that is, without the information required by generally-accepted accounting principles, and advised that the inclusion of the informatio2n omitted by management may influence the user's conclusions. Because we find the summary judgment evidence conclusively negates the meeting-of-the-minds element of Appellants' conspiracy cause of action, the trial court did not err in granting summary judgment on that claim. *See Frost Nat. Bank*, 315 S.W.3d at 509. Appellants' issue challenging the trial court's summary judgment on their conspiracy cause of action is overruled.

Texas Securities Act

Appellants challenge the trial court's no-evidence summary judgment on Appellants'

Texas Securities Act (TSA) cause of action.[7] Appellants' assert that the Marshall defendants were aiders under the TSA. To prove aider-and-abettor liability under the Texas Securities Act (TSA), the plaintiff must demonstrate: (1) that a primary violation of the securities laws occurred; (2) that the alleged aider had general awareness of its role in this violation; (3) that the alleged aider rendered substantial assistance in this violation; and (4) that the alleged aider either (a) intended to deceive plaintiff or (b) acted with reckless disregard for the truth of the representations made by the primary violator. *Navarro v. Grant Thornton, LLP*, 316 S.W.3d 715, 720-21 (Tex. App. – Houston [14th Dist.] 2010, no pet.). The Securities Act's "reckless disregard for the truth or the law" standard means that an alleged aider can be held liable only if it rendered assistance "in the face of a perceived risk" that its assistance would facilitate untruthful or illegal activity by the primary violator. *Id.* at 721 n.5; *See Sterling Trust Co. v. Adderley,* 168 S.W.3d 835, 842 (Tex. 2005). In order to perceive such a risk, the alleged aider must possess a " 'general awareness that his role was part of an overall activity that is improper.' " *See id.*

As Marshall noted in its summary judgment motion and in its brief, aider liability is derivative and the liability of the primary violator must be established before liability will attach to a secondary violator. TEX. REV. CIV. STAT. ANN. art. 581-33(F)(2) (West 2010); *see Kastner v. Jenkens & Gilchrist, P.C.*, 231 S.W.3d 571, 579 (Tex. App. – Dallas 2007, no pet.). Tuinei is not a defendant in this suit and no evidence has been presented to show that Tuinei has been found to be liable as a primary violator.

Marshall also asserts that Appellants failed to present evidence showing Marshall rendered

---

[7] In reviewing Appellants' petition, response to the summary judgment motion, brief and reply brief on appeal, we observe with dissatisfaction that Appellants have provided a single citation to article 581-33 of the Texas Securities Act in their petition. Nowhere in those documents do Appellants specifically cite to any provisions of the Act which they allege the Marshall defendants have violated, nor do Appellants address the applicability of specific provisions of the TSA to Marshall's conduct or omissions. TEX. REV. CIV. STAT. ANN. art. 581-33 (West 2010).

substantial assistance in a primary violation of the TSA.   We agree.   The evidence clearly shows that Marshall's disclaimer letters to the partners warned:   (1) that it had not audited or reviewed the financial statements comprising compilation, and explained that a compilation is the mere presentation of information that is the representation of management, upon which it did not express an opinion or any other form of assurance; (2) that management had elected to omit substantially all of the disclosures and the statement of cash flows required by generally-accepted accounting principles; and (3) that the inclusion of the information omitted by management may influence the user's conclusions about the company's financial condition.   Moreover, there is no evidence that Marshall knew that Tuinei was selling securities to Appellants before March 2005.

Because Appellants have failed to provide more than a scintilla of evidence raising a genuine issue of material fact, the trial court did not err in granting a no-evidence summary judgment on Appellants' TSA-violation claim.   TEX. R. CIV. P. 166a(i); *Smith*, 288 S.W.3d at 424; *Timpte Industries, Inc.*, 286 S.W.3d at 310; *Navarro,* 316 S.W.3d at 720-21.   Appellants' TSA challenge to the trial court's summary judgment is overruled.

Exemplary Damages

Appellants argue that they were entitled to exemplary damages but fail to cite to any legal authority in support thereof as required by Rule 38.1(i).   TEX. R. APP. P. 38.1(i) (the brief must contain citations to authorities).   Appellants have failed to adequately brief this issue. Accordingly, Appellants' exemplary damages issue is overruled.   *Lozada v. Farrall & Blackwell Agency, Inc.*, 323 S.W.3d 278, 287 (Tex. App. – El Paso 2010, no pet.) (appellant waived issue by failing to analyze rules or law and failing to attempt to apply them to the facts at issue).

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

April 24, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating