ACCEPTED
04-15-00398-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/21/2015 4:09:50 PM
KEITH HOTTLE
CLERK

NO. 04-15-00398-CV

| | | |
|---|---|---|
| CAROLINE BUSWELL, | § | IN THE FOURTH |
| | § | |
| Appellant, | § | |
| v. | § | |
| | § | |
| THE GWSPI COMPANY LLC AS | § | COURT OF APPEALS IN |
| SUCCESSOR IN INTEREST TO | § | |
| WILMINGTON TRUST, NA, | § | |
| TRUSTEE OF THE JEFFREY P. | § | |
| BLANCHARD 2013 FAMILY TRUST, | § | |
| | § | |
| Appellee. | § | SAN ANTONIO, TEXAS |

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
09/21/2015 4:09:50 PM
KEITH E. HOTTLE
Clerk

## APPELLANT'S REPLY BRIEF

Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Lance V. Clack
Texas Bar No. 24040694
lance.clack@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (Fax)

ATTORNEYS FOR APPELLANT
CAROLINE BUSWELL

# IDENTITY OF PARTIES AND COUNSEL

| **Appellant** | **Trial and Appellate Counsel** |
|---|---|
| CAROLINE BUSWELL | Andrew G. Jubinsky<br>Texas Bar No. 11043000<br>andy.jubinsky@figdav.com<br>Lance V. Clack<br>Texas Bar No. 24040694<br>lance.clack@figdav.com<br><br>FIGARI + DAVENPORT, LLP<br>901 Main Street, Suite 3400<br>Dallas, Texas 75202<br>(214) 939-2000<br>(214) 939-2090 (Fax) |

| **Appellee** | **Trial and Appellate Counsel** |
|---|---|
| THE GWSPI COMPANY LLC AS SUCCESSOR IN INTEREST TO WILMINGTON TRUST, NA, TRUSTEE OF THE JEFFREY P. BLANCHARD 2013 FAMILY TRUST | J. Steve Mostyn<br>jsmdocketefile@mostynlaw.com<br>Caroline L. Maida<br>clmaida@mostynlaw.com<br><br>THE MOSTYN LAW FIRM<br>3810 West Alabama St.<br>Houston, Texas 77027<br>(713) 861-6616<br>(713) 861-8084 (Fax) |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iii

INTRODUCTION ...........................................................................................1

ARGUMENT ...................................................................................................2

    A.    The Two Contacts Alleged by Appellee are Insufficient to
            Confer Personal Jurisdiction. ............................................................2

          1.    The alleged contacts are insufficient to create specific
                jurisdiction. ..............................................................................3

          2.    The alleged contacts do not show purposeful availment. ...........5

          3.    Buswell could not have reasonably anticipated being
                haled into Court in Texas. .........................................................6

    B.    *Kelly* is Controlling. .................................................................6

    C.    Finding That Buswell is Subject to Jurisdiction Offends
            Traditional Notions of Fair Play and Substantial Justice. ....................11

PRAYER ........................................................................................................11

CERTIFICATE OF COMPLIANCE....................................................................12

CERTIFICATE OF SERVICE ...........................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baker v. City of Robinson*,
305 S.W.3d 783 (Tex. App.—Waco 2009, pet. denied) ....................................3

*BMC Software Belgium, N.V. v. Marchand*,
83 S.W.3d 789 (Tex. 2002)................................................................................2

*Carey v. State*,
2010 WL 2838631 (Tex. App.—San Antonio, July 21, 2010, pet. denied)...3, 11

*Fjell Tech. Group v. Unitech Int'l, Inc.*,
2015 Tex. App. LEXIS 966, 2015 WL 457805 (Tex. App.—Houston
[14th Dist.] Feb. 3, 2015, pet. filed) ....................................................7, 9, 10, 11

*Jordan v. Standard Acc. Ins. Co.*,
339 S.W.2d 267 (Tex. Civ. App.—Beaumont 1960, no writ).............................5

*Kelly v. General Interior Const., Inc.*,
301 S.W. 3d 653 (Tex. 2010).........................................................2, 3, 4, 6, 7, 8

*Klenk v. Bustamante*,
993 S.W.2d 677 (Tex. App.—San Antonio 1998, no pet.) .................................5

*Michiana Easy Livin' Country, Inc. v. Holten*,
168 S.W.3d 777 (Tex. 2005) ......................................................................7, 8, 9

*Retamco Operating, Inc. v. Republic Drilling Co.*,
278 S.W.3d 333 (Tex. 2009) ..........................................................................7, 9

*Southern Underwriters v. Gallagher*,
136 S.W.2d 590 (Tex. 1940) ..............................................................................5

*Willis v. Marshall*,
401 S.W.3d 689 (Tex. App.—El Paso 2013, no pet.) .........................................3

# **INTRODUCTION**[1]

Appellee bears the burden of showing that Buswell is subject to jurisdiction in Texas. In its brief ("Appellee's Brief"), Appellee does not contend that "general" jurisdiction exists but rather argues that "specific" jurisdiction exists based on two contacts: first, Buswell, while in Tennessee, reviewed "Texas documents" and LSW relied on those documents when deciding to rescind the life insurance policy due to misrepresentations on the application for insurance; and second, Buswell sent a single letter to the Estate in San Antonio. [Appellee's Brief, p. 4, 20.][2] The law is clear that a non-resident defendant is not subject to specific jurisdiction in Texas merely because she reviewed documents originating from Texas, and a single letter to the Estate, which is not a party to this lawsuit, does not give rise to specific jurisdiction.

In addition, Appellee argues that Buswell "purposely availed herself of the privileges and benefits offered by Texas while conducting her business in Texas," that Buswell could have anticipated being sued in Texas, and that the exercise of jurisdiction over Buswell does not offend traditional notions of fair play and substantial justice. These arguments fail as well. The law is clear that Buswell is

---

[1] Defined terms herein have the same meaning as those set forth in Appellant's Brief.

[2] Appellee has substantially changed its position from the Trial Court, where it argued that Buswell's violations of the Texas Insurance Code subjected her to jurisdiction. Apparently recognizing that its theory below was legally insupportable, Appellee has now shifted its focus to the "Texas documents," a phrase that appears several times in Appellee's Brief, but not once in Appellee's Trial Court response to Buswell's special appearance.

not subject to jurisdiction in Texas, and therefore the Trial Court's ruling should be reversed.

**ARGUMENT**

**A.** **The Two Contacts Alleged by Appellee are Insufficient to Confer Personal Jurisdiction.**

A Texas court may *only* exercise personal jurisdiction over a nonresident defendant when (1) the plaintiff has established that defendant had minimum contacts with the forum state, and (2) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *See, e.g.*, *Kelly v. General Interior Const., Inc.*, 301 S.W. 3d 653, 657 (Tex. 2010); *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795-96 (Tex. 2002). Appellee concedes that personal jurisdiction requires: (1) minimum contacts; (2) purposeful availment; and (3) reasonably forseeability that the defendant could be haled into a Texas court. [Appellee's Brief, p. 17.]

In this case, Appellee alleges only two contacts: Buswell's review of "Texas documents"; and Buswell's letter to the Estate in San Antonio. [Appellee's Brief, p. 4, 20.] These contacts are insufficient to create specific jurisdiction. Further, Appellee's allegations, even if true, do not show that Buswell purposefully availed herself of the benefits of doing business in Texas or reasonably anticipated being

haled into a Texas court. As a result, Buswell is not subject to jurisdiction, and the Trial Court should be reversed.[3]

      1.      <u>The alleged contacts are insufficient to create specific jurisdiction.</u>

First, Buswell's letter to the Estate is irrelevant for jurisdictional purposes. The Estate is not a party to this lawsuit and has not brought any claims against Buswell. In order for a contact to give rise to specific jurisdiction, it must give rise to an asserted claim. *Kelly*, 301 S.W. 3d at 657. None of Appellee's claims arise from Buswell's letter to the Estate. Appellee's assertion that Buswell's letter to the Estate contained "actionable misrepresentations"[4] misses the point. Even assuming the letter is "actionable," which it is not, such an action must be brought by the Estate. *Baker v. City of Robinson*, 305 S.W.3d 783 (Tex. App.—Waco 2009, pet. denied) (holding that only the party to whom a misrepresentation was made could sue for the misrepresentation); *see also Willis v. Marshall*, 401 S.W.3d 689 (Tex. App.—El Paso 2013, no pet.). As such, the letter cannot be the basis for any claim brought by Appellee. *Id.*

---

[3] Appellee spends several pages arguing that it has met its burden to plead jurisdictional facts and that Buswell must do more than simply establish non-residence, relying on *Carey v. State*, 2010 WL 2838631 (Tex. App.—San Antonio, July 21, 2010, pet. denied). This is a red herring. Buswell has disproven all of the alleged grounds for jurisdiction. She has proven, by uncontroverted and verified evidence, that she did not take any action in Texas, and has shown that the contacts alleged by Appellee, if true, are insufficient to establish jurisdiction.

[4] The letter informed the Estate that the Policy had been rescinded and gave the reasons for the rescission. These statements were not "actionable misrepresentations," and Appellee's claim to the contrary is barely colorable.

Rather, Appellee's claims are based on a letter sent to a predecessor trustee in New York. Appellee's assertion that "the letter was mailed to a non-party . . . is entirely irrelevant," misunderstands the entire nature of specific jurisdiction. In the specific jurisdiction analysis, the contact is only relevant if it gives rise to the lawsuit. *Kelly*, 301 S.W. 3d at 657 ("[s]pecific jurisdiction arises when . . . the cause of action arises from or is related to those contacts or activities.") Buswell's letter to the Estate did not give rise to any claims asserted by Appellee. Accordingly, it cannot be the basis for specific jurisdiction. *Kelly*, 301 S.W. 3d at 657.

Second, Buswell cannot become subject to jurisdiction in Texas merely because she reviewed documents created or originating in Texas. The "Texas documents" consist of Mr. Blanchard's medical records and his life insurance application. [Appellee's Brief, p. 4.] The only evidence in the Record is that Buswell simply reviewed these records from her place of work in Tennessee. There is no evidence that she traveled to Texas to review them. [CR 25.] The idea that specific jurisdiction can be created over an out-of-state defendant merely because the defendant reviewed a document originating in Texas is absurd, and was expressly rejected in *Kelly*. *Id.* at 655-656 (holding that officers were not subject to specific jurisdiction, even though they reviewed invoices originating in Texas). Moreover, Appellee's claims do not arise from Buswell's review of the

Texas documents, but from LSW's rescission of the Policy. Simply put, this alleged contact does not give rise to Appellee's claim, and cannot form the basis for specific jurisdiction. For this reason alone, the Trial Court should be reversed.

2. The alleged contacts do not show purposeful availment.

"To establish minimum contacts with the forum state, the defendants must have purposefully availed themselves of the privilege of conducting activities within the forum state, thus enjoying the benefits and protections of its laws." *Klenk v. Bustamante*, 993 S.W.2d 677, 681 (Tex. App.—San Antonio 1998, no pet.), *abrogated on other grounds by BMC Software*. As Appellee concedes, the defendant "must seek some benefit, advantage, or profit by availing itself of the jurisdiction." [Appellee's Brief, p. 23.]

Appellee argues that Buswell "purposefully availed" herself of the jurisdiction because her employer is based in Texas and because her employer benefited from the rescission. [Appellee's Brief, p. 25-26.] This is insufficient. First, while LSW may be domiciled in Addison, Texas, Buswell lives and works in Tennessee, and there is no evidence that she derived some benefit from the laws of Texas while working for LSW in another state. *See, e.g.*, *Jordan v. Standard Acc. Ins. Co.*, 339 S.W.2d 267, 269 (Tex. Civ. App.—Beaumont 1960, no writ) (holding that an employee hired by a Texas entity to perform work in another state could not claim the protection of Texas laws); *Southern Underwriters v. Gallagher*, 136

S.W.2d 590 (Tex. 1940). Second, the fact that LSW may have benefited from Buswell's work does not show that Buswell derived some benefit from contacts directed to Texas. In short, there is no evidence that Buswell sought some benefit, advantage, or profit, from Texas.

    3.    <u>Buswell could not have reasonably anticipated being haled into Court in Texas.</u>

Appellee's assertion that Buswell could have reasonably anticipated being haled into a Texas court begins with a misstatement of fact that vitiates the entire argument. Appellee states: "Buswell was tasked with investigating the Texas life insurance claim submitted by the Texas Trustee of the Blanchard Family Trust." [Appellee's Brief, p. 21.] At the time of her investigation, however, it is undisputed that the Trustee of the Blanchard Family Trust was domiciled in New York. [CR 25] [Appellee's Brief, p. 2.] Buswell could not have reasonably anticipated that her work in Tennesee would result in her being sued in Texas, merely because an insured lived in Texas. This is especially true here, where the owner and beneficiary was domiciled in New York.

## B.    *Kelly* is Controlling.

Appellee attempts to distinguish *Kelly* by arguing that the plaintiff in that case failed to allege that any of the individual defendant's wrongdoing occurred in Texas, and failed "to plead jurisdictional facts tying [the individual defendant's] torts to Texas." [Appellee's Brief, p. 12.] Appellee then argues that it has "tied"

Buswell's alleged wrongdoing to Texas, relying on *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333 (Tex. 2009), *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777 (Tex. 2005), and *Fjell Tech. Group v. Unitech Int'l, Inc.*, 2015 Tex. App. LEXIS 966, 2015 WL 457805 (Tex. App.—Houston [14th Dist.] Feb. 3, 2015, pet. filed). [Appellee's Brief, p. 13-14.] Appellee misreads the allegations in *Kelly*, *Michiana* supports Buswell's position, and Appellee's reliance on *Retamco* and *Fjell* is misplaced.

In *Kelly*, there is no question that the plaintiff pled facts "tying" the individual defendant's conduct to Texas. The essence of the plaintiff's claim was that the individual defendant misappropriated trust funds owed to a Texas corporation for work done on a Texas project. *Kelly*, 301 S.W.3d at 655-656. The individual defendants filed a special appearance stating that they did not do business in an individual capacity in Texas. *Id.* The Supreme Court held that a Texas court lacked jurisdiction over the individual defendants because there was no allegation that they committed a wrongful act in Texas, expressly rejecting the argument that the individual defendant's wrongdoing was "related" to Texas. *Id.*

In this case, the essence of Appellee's claim is that Buswell was involved in the investigation of a life insurance claim originating in Texas. Buswell has filed a special appearance stating that she does not do business, individually, in Texas, and Appellee has not alleged, much less come forward with evidence sufficient to

controvert Buswell's special appearance, that Buswell actually committed a wrongful act in Texas. Instead, Appellee alleges that Buswell reviewed some documents originating in Texas and sent a letter to the Estate. This is insufficient as a matter of law to establish minimum contacts or show purposeful availment. *Kelly*, 301 S.W.3d at 657.

*Michiana* illustrates the purposeful availment requirement. As the Supreme Court held, "[j]urisdiction is premised on notions of implied consent – that by invoking the benefits and protections of a forum's laws, a nonresident consents to suit there." *Michiana*, 168 S.W.3d at 785. The defendant in *Michiana* was not subject to jurisdiction, because its contacts with Texas were created wholly by the plaintiff, and was therefore unilateral activity that could not create jurisdiction. Similarly, in this case, Buswell's purported contacts with Texas were created wholly by Mr. Blanchard's decision to seek medical treatment in Texas and the location of Mr. Blanchard's Estate. As a result, the purposeful availment requirement cannot be met here. To hold otherwise would mean that jurisdiction over Buswell could be created anywhere that Mr. Blanchard sought medical treatment, simply because his medical records and the Estate were located there. This is not the law. *Id.*

In this regard, Appellee's statement that "[t]he Texas Supreme Court, in *Michiana*, did not hold that specific jurisdiction turns only on Texas-based

contacts," is simply wrong: Specific jurisdiction always turns on the defendant's contacts with the forum state. *Id.* (holding that, in evaluating contacts, "it is the defendant's conduct and connection with the forum that are critical"). The only contacts alleged by Appellee are Buswell's review of Texas documents and a single letter to the Estate, and these are not sufficient. *Id.*

Appellee's reliance on *Retamco* is likewise misplaced. In *Retamco*, the defendant, a California entity, was sued under the Uniform Fraudulent Transfer Act after it took title to oil and gas interests in Texas from an insolvent Texas debtor. *Retamco*, 278 S.W.3d at 334. Unsurprisingly, the court found jurisdiction because the defendant took title to valuable real property interests in Texas, and acquired valuable rights enforceable under Texas law as a result. *Id.* The fact that the defendant acquired real property was central to the analysis. As the court stated, "when purchasing real property, the location matters." *Id.* Obviously, Buswell did not acquire any Texas assets as a result of her actions, and *Retamco* is simply inapplicable.

Finally, Appellee's reliance on *Fjell* is similarly misplaced. In *Fjell*, the plaintiff sued a Norwegian entity and two individuals for theft of trade secrets. *Fjell*, 2015 WL 457805 at *1. The first individual, Van Uden, had worked in the plaintiff's Houston offices, stole its confidential customer list, met with Texas residents to discuss setting up a branch of the Norwegian entity in Houston,

emailed marketing information to the customers on the list on behalf of the Norwegian entity, and accepted a purchase order from a Texas entity. *Id.* at *4-5. The court found that Van Uden was subject to jurisdiction, because he had actively targeted the Texas market in stealing the customer list and sending out materials. *Id.* The second individual, Karlsen, supervised Van Uden and was copied on his marketing emails, but never personally sent emails to individuals in Texas or traveled to Texas. *Id.* at *10-11. The court found that Karlsen was not subject to jurisdiction in Texas, because he never took any action directed to the forum.

Buswell's contacts are far closer to those of Karlsen than those of Van Uden. Buswell had no involvement with the sale, underwriting, or issuance of the Policy. There is no evidence or allegation in the record that she sought to sell policies in Texas or otherwise do business in Texas. Rather, she reviewed records that, as a result of Mr. Blanchard's decision to seek treatment in Texas, came from Texas hospitals, and sent one letter to a Texas estate, which is not a party to the lawsuit.

Appellee's argument that *Fjell* stands for the proposition that, because Van Uden sent emails to a non-party, Buswell's letter to the Estate can support jurisdiction [Appellee's Brief, p. 15], misreads the case. Unlike here, the marketing emails at issue in *Fjell* were relevant to the jurisdictional analysis because they

established substantive elements of the plaintiff's claims. *Id.* at \*8-9.[5] In contrast, Buswell's letter to the Estate is not the basis of any of Appellee's claims.[6]

**C.**  **Finding That Buswell is Subject to Jurisdiction Offends Traditional Notions of Fair Play and Substantial Justice.**

It is undisputed that Buswell lives and works in Tennessee, and that her only contact with Texas related to this dispute consisted of reviewing some documents originating in Texas and sending a single letter to the Estate. It is neither fair nor foreseeable that Buswell is subject to jurisdiction in every state where her employer transacts business. Indeed, if Appellee's argument is accepted, employees in every business could be subject to suit in other states merely because they made a decision that impacted someone in another state or reviewed documents from another state. This is not the law. Buswell should be dismissed.

**PRAYER**

For the foregoing reasons, Appellant Buswell requests that this Court reverse the Trial Court's Order denying Buswell's special appearance.

---

[5] Specifically, the emails themselves were the wrongful conduct that gave rise to the plaintiff's damage claims under the Theft Liability Act and for conversion, unfair competition, misappropriation, and breach of fiduciary duty. The emails contained statements that gave rise to the plaintiff's business disparagement claims, and constituted the interference that gave rise to the plaintiff's tortious interference claims.

[6] Although Appellee does not cite *Carey* as supporting its argument, other than on the sufficiency of its pleading, it is worth noting that the individual defendants in that case personally received proceeds from the sale of retail installment contracts that originated in Texas, personally guaranteed business obligations in Texas, actively marketed to Texas consumers, and traveled to Texas on business. *Carey*, 2010 WL 2838631 at \*6. Of course, Buswell did none of these things.

Respectfully submitted,


By: */s/ Lance V. Clack*
     Andrew G. Jubinsky
     Texas Bar No. 11043000
     andy.jubinsky@figdav.com
     Lance V. Clack
     Texas Bar No. 24040694
     lance.clack@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
Tel: (214) 939-2000
Fax: (214) 939-2090

ATTORNEYS FOR APPELLANT
CAROLINE BUSWELL


## CERTIFICATE OF COMPLIANCE

This document complies the word-count limitations of Rule 9.4(i)(3) because it contains 2,738 words as calculated per the word processing program used for its preparation, excluding any parts exempted by Rule 9.4(i)(1).


*/s/ Lance V. Clack*
Lance V. Clack

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served via E-Service on the parties listed below on the 21st day of September, 2015.

J. Steve Mostyn
jsmdocketefile@mostynlaw.com
Caroline L. Maida
clmaida@mostynlaw.com
THE MOSTYN LAW FIRM
3810 West Alabama St.
Houston, Texas 77027

/s/ Lance V. Clack
Lance V. Clack