COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROSA SERRANO, | § | No. 08-07-00042-CV |
| Appellant, | § | Appeal from the |
| v. | § | 34th Judicial District Court |
| | § | |
| FIRST PRESTONS MANAGEMENT | | of El Paso County, Texas |
| CORPORATION, | § | (TC# 2006-5577) |
| Appellee. | § | |

## **O P I N I O N**

This is one of a series of lawsuits filed by Ms. Rosa Serrano regarding the repossession and foreclosure of her family home.[1] Ms. Serrano filed this lawsuit on February 5, 2004, alleging First Prestons Management Corporation ("First Prestons") was involved in the wrongful foreclosure of the Serrano home as the loan servicing agent for Union Planter's Bank. Union Planter's Bank held the mortgage on the property while it was owned by the Serrano family.

First Prestons filed its first motion for summary judgment on June 20, 2006. The trial court granted First Prestons's motion on July 26, 2006. On September 5, 2006, Ms. Serrano amended her petition to include a cause of action for an alleged violation of the Federal Single Family Mortgage Foreclosure Act. In response to this new cause of action, First Prestons filed its second motion for summary judgment, and a motion to sever the case from Ms. Serrano's claims

---

[1] For a more detailed explanation of the facts surrounding the foreclosure, and Ms. Serrano's prior lawsuits *see Serrano v. Union Planter's Bank*, 162 S.W.3d 576 (Tex.App.-- El Paso 2004, pet. denied).

against the other defendants.

On November 30, 2006, the trial court entered orders severing First Prestons's case from Ms. Serrano's claims against the other defendants, and granting First Prestons's second motion for summary judgment.

Ms. Serrano seeks to raise four issues for review. Issue One states: "Where lien was extinguished by confirmation plan of Julian Serrano's bankruptcy, did Union Planters possess an empty legal right to foreclose?" Issue Two provides: "Where no-evidence summary judgment is incorrectly granted when a controverted fact at issue remains, does trial court abused its discretion where legal sufficiency exists to deny summary judgment?" Issue Three states: "Did subsequent conveyance by Prestons raise a tort action when Union Planters did not hold a valid lien to enforce and empower trustee to sell real property?" Issue Four provides: "Res judicata predicated on the first court that held jurisdiction over controversy, therefrom any conveyance is void to claim real title to real property, did bankruptcy court hold jurisdiction to extinguish lien?" We will construe these issues as challenges to the summary judgment granted below.

An appellate court reviews summary judgment *de novo*. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The scope of review for a traditional summary judgment is well established. *See* TEX.R.CIV.P. 166a(c); *Nixon v. Prop. Mgmt., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985). A defendant is entitled to summary judgment on an affirmative defense when the party conclusively establishes each element of the defense asserted. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996). When the material facts are undisputed, the nonmovant may defeat a motion for summary judgment by establishing that the movant's legal position is unsound. *Hansen v. Our Rederrmer Lutheran Church*, 938 S.W.2d

85, 90 (Tex.App.--Dallas 1996, writ denied).

One of the grounds asserted by First Prestons in its traditional motion for summary judgment was that Ms. Serrano's claims were barred by the doctrine of *res judicata*.  *Res judicata* is an affirmative defense.  TEX.R.CIV.P. 94.  The party claiming the defense must prove: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the identify of the parties or those in privy with them; and (3) a second action based on the same claims as were, or could have been raised in the first action.  *In re K.S.*, 76 S.W.3d 36, 43 (Tex.App.--Amarillo 2002, no pet.).  *Res judicata* precludes both re-litigation of claims that have been fully adjudicated, as subsequent litigation of  claims which arise out of the subject matter as the prior litigation, and therefore could have been brought in the prior suit.  *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996); *McFarland v. Bridges*, 104 S.W.3d 906, 909 (Tex.App.-- El Paso 2003, no pet.).

In its summary judgment motion, First Prestons established that Ms. Serrano's claims regarding the foreclosure and sale of her father's  house were litigated to a final judgment in cause number 98-2327 by the 34th District Court of El Paso County on January 31, 2003.  This Court affirmed the trial court's judgment on appeal in 2006.  First Prestons established that the parties involved in the prior litigation were the same parties, or were related to the same parties, before the court in this suit.  Finally, First Prestons has established that as in cause number 98-2327, the central claim underlying this lawsuit is that the Serrano family has been erroneously deprived of their real property.  All of the damages claimed in both suits relate back to Ms. Serrano's allegation that Union Planter's and its agents illegally foreclosed on her father's home.

First Prestons established all three elements of its defense. Ms. Serrano has not offered evidence or argument to controvert First Prestons's proof. Ms. Serrano's arguments on appeal, as well as to the trial court, consist simply of her theories for recovery against the numerous defendants she has sued. Accordingly, we overrule Issues One through Four.

Having overruled all of Appellants issues, we affirm the trial court's judgment.

June 3, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.)(Sitting by Assignment)