

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROSA SERRANO D/B/A THE LENS FACTORY, | § | No. 08-12-00101-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | 327th District Court |
| | § | |
| PELLICANO PARK, L.L.C., | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC#2012-DCV-02335) |
| | § | |

## **O P I N I O N**

Appellant, Rosa Serrano, appeals the order of the 327th District Court dissolving a temporary restraining order and denying temporary injunctive relief. We dismiss the appeal for want of jurisdiction.

## **BACKGROUND**

The subject matter of this appeal stems from a sworn complaint for forcible detainer and eviction filed in Cause No. 411-520F by Pellicano Park, L.L.C., a Texas Limited Liability Company (Appellee) which sought to evict TLP-ELP Enterprises Inc., a Texas Corporation d/b/a The Lens Factory[1] from two commercial properties in El Paso, Texas. The eviction was filed in

---

[1] Appellant, Rosa Serrano was not a party to the eviction.

Justice of the Peace Court, Precinct Four, in El Paso County, Texas (Justice Court Four).

Appellant appeared pro se on behalf of TLP-ELP at the eviction proceedings. At the conclusion of a jury trial, a judgment was entered on November 22, 2011, awarding possession of the premises to Appellee and ordering TLP-ELP to pay Appellee's costs of court including attorney's fees in the amount of $731. TLP-ELP filed notice of appeal and a Pauper's Affidavit of Rosa Serrano, who was not a party to the eviction, pursuant to Texas Rule of Civil Procedure 749a. TEX. R. CIV. P. 749a. At a hearing on December 13, 2011, Justice Court Four denied the Pauper's Affidavit, set bond at $3,200, and directed that the bond be paid within five days. TEX. R. CIV. P. 749 (either party may appeal from a final judgment in a forcible entry and detainer case to the county court of the county in which the judgment is rendered by filing with the justice within five days after the judgment is signed, a bond to be approved by said justice); TEX. R. CIV. P. 752; TEX. PROP. CODE ANN. § 24.0051 (West 2000).

Appellant then filed in this Court a petition for writ of mandamus in Cause Number 08-11-00294-CV against Judge Barbara Perez of Justice Court Four, which was denied on January 18, 2012. Appellant also filed Cause No. 2011-CCV10315 in County Court at Law Number Three of El Paso County, Texas (County Court Three), an appeal of Justice Court Four's denial of the Pauper's Affidavit. At a hearing held on January 20, 2012, County Court Three affirmed Justice Court Four's denial of the Pauper's Affidavit and the order setting bond.

Appellant responded by filing in this Court Cause Number 08-12-00020-CV, an "Emergency Stay to Writ of Possession Injunctive Relief" and a petition for writ of mandamus by which Appellant sought to set aside the County Court Three's ruling on appeal. We denied the motion for emergency stay on February 3, 2012, and the writ of mandamus on March 7, 2012.

2

Meanwhile, Appellant failed to pay the appeal bond required by Justice Court Four. Justice Court Four ordered that the bond be disallowed and that the writ of possession issue. The writ of possession issued on February 1, 2012, and was executed on February 6, 2012.

On February 7, 2012, in Cause No. 2012-DCV-02335, Appellant filed the instant cause of action in the 327th District Court seeking a temporary restraining order and injunctive relief against Appellee, Pellicano Park, which the court granted. Appellant filed the action as Rosa Serrano doing business as The Lens Factory. On February 23, 2012, after finding the matters presented to the court were subject to another lawsuit, the 327th District Court dissolved the temporary restraining order, denied Appellant's request for temporary injunction, and granted Appellee's motion to dismiss with prejudice to the rights of Appellant to refile.

Appellant presents seven issues on appeal challenging the order of the 327th District Court. During the pendency of this appeal, we referred this case for mediation. In response, Appellee filed its response to notice of the interlocutory appeal and to the order for mediation referral. In its response, Appellee presents its motion to dismiss this appeal based on Appellant's lack of standing and our lack of jurisdiction, argues that Appellant's pleadings are frivolous and constitute an abuse of the legal system, and objects to the order for mediation because there are no grounds for our consideration of the appeal and, absent a duly-licensed attorney representing a proper Appellant as required, the goals of mediation cannot be accomplished.

## DISCUSSION

Appellant filed this cause of action pro se and as such we must construe her brief liberally. *Sterner v. Marathon Oil Co*., 767 S.W.2d 686, 690 (Tex. 1989). Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable laws and rules of

3

procedure.  *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex.App.-- El Paso 2007, no pet.); *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex.App.--El Paso 2006, no pet.).  A pro se litigant is required to properly present her case on appeal, just as she is required to properly present her case to the trial court.  *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex.App.--El Paso 2007, pet. struck).  Without this rule, pro se litigants would be given an unfair advantage over parties represented by counsel.  *Id.*  Likewise, we cannot make allowances because a litigant is not an attorney.  *Id.*  Although Appellant is not an attorney, she has acted as one by representing herself pro se.[2]  Attorneys have a professional responsibility of candor to the court.  *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.03 *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2013) (lawyers shall not knowingly make false statements of material fact or law to a tribunal).

A plaintiff must have standing to file suit.  *Willis v. Marshall*, 401 S.W.3d 689, 695 (Tex.App.--El Paso 2013, no pet.).  Only the entity whose primary legal right has been breached has standing to bring the cause of action.  *Id*. at 696.  When there is no breach of a legal right belonging to the plaintiff, the plaintiff lacks standing.  *Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex. 1976).  When a plaintiff lacks standing to assert a claim, a court has no jurisdiction and must

---

[2] Appellant has a long history of filing pro se briefs, including: *Serrano v. Union Planter's Bank, N.A.,* 155 S.W.3d 381 (Tex.App.--El Paso 2004, no pet.); *Serrano v. Union Planter's Bank, N.A.*, 162 S.W.3d 576, 577 (Tex.App.--El Paso 2004, pet. denied); *In re Serrano*, 224 S.W.3d 225 (Tex.App.--El Paso 2005, orig. proceeding); *Serrano v. Ryan's Crossing Apartments*, 241 S.W.3d 560, 562 (Tex.App.--El Paso 2007, pet. denied); *Serrano v. Francis Properties I, Ltd.*, 411 S.W.3d 661, 667 (Tex.App.--El Paso 2013, no pet.); *TLP–EPL Enterprises, Inc. v. El Paso Times*, No. 08–07–00114–CV, 2007 WL 2269733, at *1 (Tex.App.--El Paso Aug. 9, 2007, no pet.) (mem. op., not designated for publication*); Serrano v. First Prestons Mgmt. Corp.,* 346 S.W.3d 648 (Tex.App.--El Paso 2009, no pet.); *In re Serrano*, No. 08–11–00145–CV, 2011 WL 2112753, at *1 (Tex.App.--El Paso May 27, 2011, orig. proceeding) (mem. op., not designated for publication); *Serrano v. Francis Properties I, Ltd.,* No. 08–11–00190–CV, 2011 WL 5189595, at *1 (Tex.App.--El Paso Nov. 2, 2011, no pet.) (mem. op., not designated for publication); *In re Serrano*, No. 08–11–00366–CV, 2012 WL 248044, at *1 (Tex.App.--El Paso Jan. 25, 2012, orig. proceeding) (mem. op., not designated for publication); *Serrano v. Pellicano Business Park, LLC*, No. 08–12–00186–CV, 2012 WL 3100846, at *1 (Tex.App.--El Paso July 31, 2012, no pet.) (mem. op., not designated for publication); *Serrano v. Pellicano Bus. Park, L.L.C.*, No. 08-13-00201-CV, 2013 WL 5873328 (Tex.App.--El Paso Oct. 30, 2013, pet. denied) (mem. op., not designated for publication).

dismiss the claim. *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012). A cause of action for injury to the property of a corporation is vested in the corporation and not its shareholders individually. *Commonwealth of Massachusetts v. Davis*, 140 Tex. 398, 406, 168 S.W.2d 216, 221 (1942); *Redmon v. Griffith*, 202 S.W.3d 225, 233 (Tex.App.--Tyler 2006, pet. denied).

As a general rule, corporations must be represented by a licensed attorney. *Nevada Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.,* 225 S.W.3d 68, 70 n.1 (Tex.App.--El Paso 2005, no pet.); *see also, Dell Dev. Corp. v. Best Indus. Unif. Supply Co., In*c., 743 S.W.2d 302, 303 (Tex.App.--Houston [14th Dist.] 1987, writ denied) (a corporation cannot be represented pro se by an officer who is not an attorney). A non-attorney is permitted to file documents on behalf of corporations for limited purposes, but is still prohibited from representing the corporation in court proceedings. *See Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA,* 937 S.W.2d 455, 456 (Tex. 1996) (a non-attorney officer of a corporation may file the documents to perfect an appeal); *Rabb Intern., Inc. v. SHL Thai Food Serv., LLC*, 346 S.W.3d 208, 210 (Tex.App.--Houston [14th Dist.] 2011, no pet.) (documents filed by non-attorney on behalf of corporation are defective but not void for limited purposes); *Home Sav. of Am. FSB v. Harris County Water Control & Imp. Dist. No. 70*, 928 S.W.2d 217, 219 (Tex.App.--Houston [14th Dist.] 1996, no writ) (response letter filed by non-attorney on behalf of corporation may be used to preclude default judgment). However, dissolution of a corporation does not abate any pending suit in which the corporation may be involved. TEX. R. CIV. P. 160. *See also* TEX. R. CIV. P. 29 (when no receiver has been appointed for a corporation which has been dissolved, a suit may still be brought and judgment rendered as though the corporation had not been dissolved).

In the suit pertaining to the eviction, although TLP-ELP Enterprises Inc., a Texas Corporation d/b/a The Lens Factory is the party defendant, Rosa Serrano is not a named party. At the hearing in the 327th District Court, Appellant contended that TLP-ELP Enterprises Inc., a Texas corporation, had been dissolved, and that she is now the sole proprietor of the entity doing business as The Lens Factory. However, Appellant provided no documentation of the corporation's purported dissolution, and offered no legal basis to demonstrate that she is a proper party to the litigation or any proceedings arising therefrom. Appellant failed to explain in her temporary restraining order petition before the 327th District Court that she was not a named or proper party to the forcible entry and detainer proceedings, and made statements to the court indicating that she was a party in those proceedings. Even if TLP-ELP Enterprises Inc. had been dissolved at the time Appellant filed the petition for a temporary restraining order, it remained a party to the pending eviction litigation and could not have been replaced in the matter by Appellant at her will. TEX. R. CIV. P. 160; *see also Davis*, 168 S.W.2d at 221, *Redmon*, 202 S.W.3d at 233.

There is evidence in the record that County Court Three admonished Appellant that she could not provide pro se representation to a corporation. There is no evidence supporting Appellant's claim that the corporate status of TLP-ELP Enterprises Inc., a Texas Corporation d/b/a The Lens Factory has changed, and no legal basis for concluding that Appellant has standing in this case. We conclude Appellant lacks standing to bring suit when the proper party for the subject matter of the claims is the entity TLP-ELP Enterprises Inc., a Texas Corporation. *See Willis*, 401 S.W.3d at 696, *Redmon*, 202 S.W.3d at 233. Because Appellant lacks standing, we have no jurisdiction over this appeal and it must be dismissed. *Heckman,* 369 S.W.3d at 150.

We note that in the course of determining that it lacked jurisdiction, the 327th District

6

Court warned Appellant to be cautious "because you're going to find yourself in a position where if you keep filing these lawsuits on the same issue as this eviction, you're going to find yourself being [declared] as a vexatious litigant[,]" and warning Appellant that "if everybody got to just say, 'Oh, I don't like that decision[,] [n]ow I'm going to go somewhere else,' we'd have chaos. So we have to be orderly about this." The 327th District Court dismissed Appellant's lawsuit with prejudice to Appellant's rights to refile any part of it, found that the matters presented therein were subject to another lawsuit, and precluded Appellant from filing another cause of action in any court based on the matters arising under the facts of the cause of action. Despite the 327th District Court's written order and oral warnings, Appellant proceeded to file this appeal, placed a lien on the property, and subsequently appealed the removal of the lien in another cause of action. *See Serrano v. Pellicano Bus. Park, L.L.C.*, No. 08-13-00201-CV, 2013 WL 5873328, at *1 (Tex.App.--El Paso Oct. 30, 2013, pet. denied) (mem. op., not designated for publication) (Appellant's appeal of an order vacating a lien was statutorily barred and was dismissed for lack of jurisdiction).

We observe that a party who knowingly brings a fictitious suit, or makes false or groundless statements in a pleading, including for purposes of delaying litigation proceedings, risks the imposition of sanctions. *See* TEX. R. CIV. P. 13; *see also* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.03 (West 2013) (lawyers shall not knowingly make false statements of material fact or law to a tribunal). A court may also find a pro se litigant who repeatedly commences, prosecutes, or maintains litigations to be vexatious when the criteria of Section 11.054 of the Civil Practices and Remedies Code are shown.[3] *See* TEX. CIV. PRAC. & REM. CODE

---

[3] A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:

7

ANN. §§ 11.051–11.057 (addressing vexatious litigants).

We grant Appellee's motion and dismiss the appeal for lack of jurisdiction.

## CONCLUSION

The motion to dismiss is granted and the appeal is dismissed for want of jurisdiction.


GUADALUPE RIVERA, Justice

March 28, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

---

(1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been:

    (A) finally determined adversely to the plaintiff;

    (B) permitted to remain pending at least two years without having been brought to trial or hearing; or

    (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se , either:

    (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

    (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

TEX. CIV. PRAC. & REM. CODE ANN. § 11.054 (West Supp. 2013).

8