

# NUMBER 13-18-00525-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**SILVIA RUBI DIAZ MALDONADO,**                         **Appellant,**

**v.**

**GREGORIO MEDRANO,**                                    **Appellee.**

---

### On appeal from the 332nd District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Hinojosa
### Memorandum Opinion by Chief Justice Contreras

Appellant Silvia Rubi Diaz Maldonado appeals pro se from a default divorce decree terminating her marriage to appellee Gregorio Medrano. By what we construe as two issues, Maldonado argues that (1) she is entitled to a new trial because of newly

discovered evidence, and (2) the trial court erred in its division of the parties' property.[1] We affirm.

## I.  BACKGROUND

On March 20, 2018, Medrano filed for divorce on the basis of insupportability.  *See* TEX. FAM. CODE ANN. § 6.001.  According to his petition, the parties married in November of 2007, did not have any children during their marriage, and stopped living together around March of 2015.  Although duly and properly cited, Maldonado did not file an answer.

Medrano filed a motion for entry of a default divorce decree, and the trial court held a hearing on the motion, but Maldonado did not appear.  At the hearing, Medrano testified that the couple acquired "household goods, furniture and electronics" during their marriage.  Medrano stated he was no longer in possession of these goods because Maldonado sold them without his consent, and he estimated the value of these items to be between $50,000 and $53,000.  Medrano explained that their marriage experienced troubles and that he began to live with friends to avoid contact with Maldonado.  When Medrano returned to the home he shared with Maldonado, "everything was empty. Everything was gone."  According to Medrano, prior to the parties' marriage, he inherited the home the couple lived in and no real property was purchased during the marriage. Medrano testified that the couple purchased a 2005 Chevy Colorado and a 2014 Nissan Sentra during the marriage and that the 2005 Chevy Colorado was also "property that [Maldonado] wasted without [Medrano's] consent . . . ."  Medrano has earned retirement benefits from his job since 2003.

---

[1] Medrano did not file a brief to assist us in the resolution of this appeal.

2

On August 20, 2018, the trial court entered a divorce decree awarding Medrano: (1) eighty percent of all of his retirement funds earned between November 2007 and August 13, 2018; (2) the 2005 Chevrolet Colorado; (3) the 2014 Nissan Sentra; and (4) a judgment of $26,500 for half of the value of the community assets disposed of by Maldonado. The trial court awarded Maldonado the remaining twenty percent of Medrano's retirement funds. Further, the trial court confirmed that the home where the couple had lived was Medrano's separate property.

The trial court did not issue findings of fact and conclusions of law. Although she learned of the judgment within the time for filing post-judgment motions, Maldonado did not move for a new trial or otherwise seek to set aside the judgment in the trial court. Instead, on September 18, 2019, she timely filed a notice of appeal.

## II.   NEW TRIAL

As we understand it, Maldonado argues by her first issue that she is entitled to a new trial. In support of her argument, she cites extrinsic documents she attached to her notice of appeal and her appellate brief.

We note that pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *Serrano v. Pellicano Park, L.L.C.*, 441 S.W.3d 517, 520 (Tex. App.—El Paso 2014, pet. dism'd w.o.j.); *see Pena v. McDowell*, 201 S.W.3d 665, 667 (Tex. 2006) (per curiam). A pro se litigant is required to properly present her case on appeal, just or she is required to properly present her case to the trial court. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).

This is a direct appeal from the trial court's default judgment. A motion for new trial affords a defendant his or her first opportunity to attack a default judgment. *See* TEX. R. CIV. P. 320; *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271–72 (Tex. 2012); *L.M. Healthcare, Inc. v. Childs*, 929 S.W.2d 442, 443 (Tex. 1996) (per curiam) (op. on reh'g); *see also Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam) (restricted appeal); *Min v. Avila*, 991 S.W.2d 495, 499–500 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (bill of review); *Barrett v. Westover Park Ass'n, Inc.*, No. 01-10-01112-CV, 2012 WL 682342, at *2 (Tex. App.—Houston [1st Dist.] Mar. 1, 2012, no pet.) (mem. op.). When the attack on a default judgment relies on extrinsic evidence, such as here, a motion for new trial is a prerequisite to complaining on appeal that the default judgment should be set aside. *See* TEX. R. APP. P. 33.1; TEX. R. CIV. P. 324(b); *Massey v. Columbus State Bank*, 35 S.W.3d 697, 699 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) ("Complaints regarding the trial court's failure to set aside a default judgment must be raised in a motion for new trial."); *Puri v. Mansukhani*, 973 S.W.2d 701, 715 (Tex. App.— Houston [14th Dist.] 1998, no pet.) (explaining that a motion for new trial or to set aside default judgment is a complaint on which evidence must be heard); *see also In re Marriage of Collins & Tipton*, No. 07-06-00314-CV, 2008 WL 3930559, at *2 (Tex. App.— Amarillo Aug. 27, 2008, no pet.) (mem. op.) (concluding that, because the appellant failed to move for new trial, he failed to preserve complaint on appeal that the trial court erred by entering a default judgment). This is so the trial court has the opportunity to consider and weigh the evidence. *Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009) (per curiam); *see also Harris v. Burks*, No. 01-06-00128-CV, 2007 WL 1776048, at *2 (Tex. App.—Houston [1st Dist.] June 21, 2007, no pet.) (mem. op.) (explaining that complaints

4

regarding the trial court's failure to set aside judgment must be raised in motion for new trial because the trial court must hear evidence to make a determination of whether requirements for a new trial have been met).

Here, Maldonado did not file a motion for a new trial, and her attack on the judgment relies on extrinsic evidence. Accordingly, Maldonado failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1; TEX. R. CIV. P. 324(b); *Massey*, 35 S.W.3d at 699; *Puri*, 973 S.W.2d at 715.

Furthermore, even if we were to construe Maldonado's notice of appeal as a motion for new trial, Maldonado failed to meet the requirements needed for a new trial. A trial court should set aside a default judgment and grant a new trial if: (1) the failure to appear was not intentional or the result of conscious indifference but rather was due to accident or mistake, (2) the defendant sets up a meritorious defense, and (3) the granting of a new trial would not cause delay or otherwise injure the prevailing party. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). "Once a defendant has alleged that granting a new trial will not injure the plaintiff, the burden of going forward with proof of injury shifts to the plaintiff." *Director, State Emps. Comp. Div. v. Evans*, 889 S.W.2d 266, 270 (Tex. 1994); *Anderson v. Anderson*, 282 S.W.3d 150, 155 (Tex. App.—El Paso 2009, no pet.). Here, Maldonado failed to assert that granting a new trial would not cause delay or injure Medrano. Accordingly, Maldonado did not show that the default divorce decree should be set aside and a new trial granted. *See Craddock*, 133 S.W.2d at 126; *see also Llorance v. Sohi*, No. 01-07-00840-CV, 2008 WL 1747921, at *3 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (mem. op.).

We overrule Maldonado's first issue.

## III. DIVISION OF PROPERTY

By what we understand to be her second issue, Maldonado argues that the trial court erred in its division of the parties' community property.

### A. Standard of Review

We review the trial court's division of the community estate upon divorce for an abuse of discretion. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). A trial court abuses its discretion when it acts arbitrarily or unreasonably without reference to guiding rules or principles, or by failing to analyze or apply the law correctly. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). If an appellate court finds reversible error in the property division, it must reverse and remand the entire estate for the trial court's consideration. *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985).

"In the absence of findings of fact and conclusions of law, an appellate court must uphold the trial court's judgment on any legal theory supported by the record." *In re Marriage of Smith*, 115 S.W.3d 126, 131 (Tex. App.—Texarkana 2003, pet. denied) (citing *Seaman v. Seaman*, 425 S.W.2d 339, 341 (Tex. 1968)); *LeBlanc v. LeBlanc*, 761 S.W.2d 450, 452–53 (Tex. App.—Corpus Christi–Edinburg 1988, writ denied). And, a party complaining of the division of the community estate has the burden of showing from the evidence in the record that the trial court's division of the community estate was so unjust and unfair as to constitute an abuse of discretion. *Slicker v. Slicker*, 464 S.W.3d 850, 858 (Tex. App.—Dallas 2015, no pet.) (citing *In re Marriage of C.A.S. & D.P.S.*, 405 S.W.3d 373, 384 (Tex. App.—Dallas 2013, no pet.)).

**B.    Applicable Law**

In a divorce, a trial court will divide community property among the parties; however, it cannot divest either spouse of his or her separate property. *See Pearson v. Fillingim*, 332 S.W.3d 361, 363–64 (Tex. 2011) (per curiam); *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 140–41 (Tex. 1977). "Property possessed by either spouse during or on dissolution of marriage is presumed to be community property." TEX. FAM. CODE ANN. § 3.003(a); *see also Taggart v. Taggart*, 552 S.W.2d 422, 423 (Tex. 1977) ("We decided . . . that retirement benefits are subject to division as vested contingent community property rights even though the present right has not fully matured.").

A trial court divides the parties' community property "in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." TEX. FAM. CODE ANN. § 7.001. This "just and right" standard is the sole method to account for and to divide community property upon divorce. *Schlueter v. Schlueter*, 975 S.W.2d 584, 588 (Tex. 1998). "Such a standard may at times lead to a disproportionate division of assets and liabilities of the parties, depending on the circumstances that courts may consider in refusing to divide the marital estate equally." *Id.* Thus, the property division need not be equal. *Murff*, 615 S.W.2d at 698–99. However, there must be some reasonable basis for an unequal division of the property. *O'Carolan v. Hopper*, 414 S.W.3d 288, 311 (Tex. App.—Austin 2013, no pet.); *Zieba v. Martin*, 928 S.W.2d 782, 790 (Tex. App.—Houston [14th Dist.] 1996, no writ); *Murff*, 615 S.W.2d at 699 (listing non-exclusive factors a trial court considers in an unequal division of the marital estate).

In making its determination of a just and right division of the parties' community property, a trial court may consider one spouse's waste or constructive fraud in transactions involving community property. *See* TEX. FAM. CODE ANN. § 7.009(c); *Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex. 1998); *Wheeling v. Wheeling*, 546 S.W.3d 216, 225 (Tex. App.—El Paso 2017, no pet.). A fiduciary duty exists between a husband and a wife as to the community property controlled by each spouse. *Wheeling*, 546 S.W.3d at 225; *Loaiza v. Loaiza*, 130 S.W.3d 894, 900 (Tex. App.—Fort Worth 2004, no pet.). The breach of a legal or equitable duty which violates this fiduciary relationship existing between spouses is termed "fraud on the community," a judicially created concept based on the theory of constructive fraud. *Wheeling*, 546 S.W.3d at 225; *Loaiza*, 130 S.W.3d at 900. Any such conduct in the marital relationship is termed fraud on the community because, although not actually fraudulent, it has all the consequences and legal effects of actual fraud in that such conduct tends to deceive the other spouse or violate confidences that exist as a result of the marriage. *Wheeling*, 546 S.W.3d at 225; *Loaiza*, 130 S.W.3d at 900.

A presumption of constructive fraud arises where one spouse breaches the fiduciary duty owed to the other spouse and disposes of the other spouse's one-half interest in community property without the other's knowledge or consent. *Wheeling*, 546 S.W.3d at 225; *Loaiza*, 130 S.W.3d at 900; *Jackson v. Smith*, 703 S.W.2d 791, 795 (Tex. App.—Dallas 1985, no writ)); *Reaney v. Reaney*, 505 S.W.2d 338, 340 (Tex. App.—Dallas 1974, no writ). When that occurs, the burden of proof is on the disposing party to show fairness in disposing of community assets. *Wheeling*, 546 S.W.3d at 225; *Loaiza* 130 S.W.3d at 900. Each party in a divorce proceeding has a responsibility to produce

evidence of the value of various properties to provide the trial court with a basis upon which to make the division. *Howe v. Howe*, 551 S.W.3d 236, 254 (Tex. App.—El Paso 2018, no pet.). Generally, a party who does not provide to the trial court any value for the property to be divided cannot, on appeal, complain of the trial court's lack of information in dividing the community estate. *Slicker*, 464 S.W.3d at 858; *Aduli v. Aduli*, 368 S.W.3d 805, 820 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

## C. Analysis

Here, Medrano testified that two vehicles and $53,000 of household goods were purchased during the marriage and were community property. *See* Tex. Fam. Code Ann. § 3.003(a). Medrano also testified that he earned retirement benefits during the marriage, and these benefits earned during the marriage are also community property. *See id.* The trial court then divided this community property unevenly. The trial court awarded Medrano the vehicle he drove, a 2014 Nissan Sentra, as well as the 2005 Chevy Colorado. Medrano's retirement benefits were also divided unevenly: the trial court awarded Medrano eighty percent of the benefits and Maldonado the remaining twenty percent.[2] The trial court, however, divided the $53,000 value of the "household goods, furniture and electronics" disposed of by Maldonado equally by granting Medrano a judgment against Maldonado for half of the value of the goods ($26,500).

Medrano's testimony shows that Maldonado disposed of community property purchased during the parties' marriage without Medrano's consent, including $53,000 worth of "household goods, furniture and electronics" and a 2005 Chevy Colorado. This raised a presumption of constructive fraud on behalf of Maldonado. *See* Tex. Fam. Code

---

[2] According to the record, the total value of Medrano's retirement benefits at the time of the divorce was $30,000.

ANN. § 3.003(a); *Wheeling*, 546 S.W.3d at 225. The burden then shifted to Maldonado to show fairness in disposing of these community assets, but she failed to do so. *See Wheeling*, 546 S.W.3d at 225. Therefore, because there was evidence that Maldonado committed constructive fraud on the community, the trial court had a reasonable basis for dividing the community property unevenly. *See Schlueter*, 975 S.W.2d at 589 ("Trial courts also have wide discretion and are allowed to take many factors into consideration in making a just and right division . . . including wasting of community assets."); *Wheeling*, 546 S.W.3d at 225; *Slicker*, 464 S.W.3d at 858; *Loaiza*, 130 S.W.3d at 900 (noting that one spouse's fraud on the community estate could justify an unequal division of the estate). Finally, Maldonado has failed to carry her burden on appeal of showing from the evidence in the record that the trial court's division of the community estate was so unjust and unfair as to constitute an abuse of discretion. *See Howe*, 551 S.W.3d at 254; *Slicker*, 464 S.W.3d at 858; *O'Carolan*, 414 S.W.3d at 311; *Zieba*, 928 S.W.2d at 790.

We overrule Maldonado's second issue.

### IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Delivered and filed the
22nd day of August, 2019.

10