# NO. 12-19-00281-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DOUGLAS W. MOORE,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | | |
| | § | *COUNTY COURT AT LAW NO. 2* |
| *LONGVIEW MEDICAL CENTER, L.P.* *D/B/A LONGVIEW REGIONAL* *MEDICAL CENTER,* *APPELLEE* | | |
| | § | *GREGG COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Douglas W. Moore, acting pro se, appeals a judgment rendered against him after a trial before the court in a suit for money damages brought by Longview Medical Center, LP, doing business as Longview Regional Medical Center. In six issues, Moore asserts the trial court erred in failing to give him sufficient time to conduct discovery, failing to enter a discovery control plan, setting the case for trial in violation of the rules of civil procedure, overruling his objection to certain testimony, and overruling his motion for new trial. We affirm.

### BACKGROUND

On November 9, 2017, Longview Medical Center filed suit against Moore in justice court asserting causes of action for suit on an account and breach of contract to collect payment for a 2016 emergency room visit. Moore served Longview Medical Center with interrogatories, requests for admission, and requests for production. When Longview Medical Center failed to respond to Moore's discovery requests, Moore filed a motion to dismiss. The justice court dismissed Longview Medical Center's claims with prejudice on February 18, 2019.

Longview Medical Center filed its notice of appeal in county court on March 7, 2019.[1] On April 4, 2019, the court sent notice of the May 6, 2019 trial setting. Both sides appeared at the trial, Longview Medical Center presented evidence, and the trial court found in favor of Longview Medical Center. The court ordered Moore to pay $6,080.22, costs, and post-judgment interest. Moore appealed the judgment to this court.

## PRE-TRIAL DISCOVERY

Moore's first through fifth issues concern the short time period between notice of the trial setting and trial. Moore contends the trial court denied his rights to due process by not allowing him sufficient time to conduct discovery. Further, he asserts the trial court erred in setting the case for trial less than forty-five days after notice of the first trial setting and in failing to issue a discovery control plan or litigation control order. Finally, he contends that, since he was denied adequate time to conduct discovery, the trial court erred in overruling his objection to testimony of Longview Medical Center's witness and its evidence of charges.

Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable laws and rules of procedure. *Serrano v. Pellicano Park, L.L.C.*, 441 S.W.3d 517, 520 (Tex. App.−El Paso 2014, pet. dism'd w.o.j.). To preserve a point for appellate review, a party must make a timely objection or motion to the trial court that states the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint, unless the grounds are apparent from the context, obtain a ruling on the complaint, and comply with the rules of evidence or procedure. TEX. R. APP. P. 33.1.

Moore's arguments on appeal are based largely on Texas Rule of Civil Procedure 245. That rule provides that a trial court may set contested cases on the court's own motion or upon written request of a party with reasonable notice of not less than forty-five days to the parties of a first setting for trial. TEX. R. CIV. P. 245. Failure to give the notice, when required, results in a violation of fundamental due process. *In re K.M.L.*, 443 S.W.3d 101, 119-20 (Tex. 2014). However, notice under Rule 245 is waived if not properly preserved by making an objection to the untimely notice. *See Abend v. Fed. Nat'l Mort. Ass'n.*, 466 S.W.3d 884, 886 (Tex. App.−Houston [14th Dist.] 2015, no pet.).

---

[1] *See* TEX. R. CIV. P. 506.1, 506.3; TEX. CIV. PRAC. & REM. CODE ANN. § 51.001(a) (West 2015) (providing that a case tried in justice court may be appealed to county court).

Moore appeared at trial and did not object to the lack of notice. A party waives his Rule 245 complaint by failing to take action when he receives some, but less than forty-five days' notice. *See Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex. App.−San Antonio 2002, no pet.). Likewise, Moore failed to object at trial to the trial court's failure to enter a discovery control order under Rule of Civil Procedure 190.1 or a litigation control order under Gregg County Local Rule 2, thus waiving these complaints. *See* TEX. R. APP. P. 33.1; TEX. R. CIV. P. 190.1; Gregg (Tex.) Cty. Ct. at Law Loc. R. 2. We overrule Moore's first through fourth issues.

In his fifth issue, Moore asserts the trial court erred in overruling his objection to testimony and evidence "when Appellee refused to answer discovery in Justice Court and/or? County Court at Law No. 2." In the section of his brief entitled "Summary of Argument," he explained that he objected because he was denied adequate time to conduct discovery and never received documentation to support the amount of the claim. His argument is not supported by authority. To the extent this is an additional complaint about the failure to have forty-five days to prepare for trial, that complaint has been waived as explained above. Additionally, our appellate rules require an Appellant's brief to contain a clear and concise argument for the contentions made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1(i). Failure to cite applicable authority or provide any substantive analysis waives an issue on appeal. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.−Dallas 2006, no pet.). Because Moore offers no legal analysis and fails to cite any authority to support this issue, he presents nothing for review on this issue. We overrule Moore's fifth issue.

## MOTION FOR NEW TRIAL

In his sixth issue, Moore contends the trial court erred in overruling his motion for new trial. He attempted to present newly discovered evidence that Longview Medical Center improperly filed a claim with his insurer, Blue Cross Blue Shield. In his motion, he stated, "After the trial of May 6, 2019, Defendant contacted BCBS to inquire about the existence of any claims with respect to charges for services rendered to Defendant on September 6, 2016." At the hearing, Moore offered the taped voice recording of the three-way phone conversation he had with a BCBS representative and a Longview Medical Center employee. The trial court sustained Longview Medical Center's hearsay objection and later denied the motion.

3

A trial court's decision to grant or deny a motion for new trial is reviewed for abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). A party seeking a new trial on grounds of newly-discovered evidence must demonstrate to the trial court that (1) the evidence has come to its knowledge since the trial, (2) its failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted. *Id*. Moore made no attempt to show that his failure to discover the evidence sooner was not due to lack of diligence. Therefore, the trial court did not abuse its discretion in denying Moore's motion for new trial. We overrule Moore's sixth issue.

## DISPOSITION

Having overruled each of Moore's issues, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered March 31, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2020**

**NO. 12-19-00281-CV**

**DOUGLAS W. MOORE,**
Appellant
V.
**LONGVIEW MEDICAL CENTER, L.P. D/B/A**
**LONGVIEW REGIONAL MEDICAL CENTER,**
Appellee

Appeal from the County Court at Law No. 2

of Gregg County, Texas (Tr.Ct.No. 2019-0091-C)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **DOUGLAS W. MOORE**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*